IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LEROY SMITH, #107551, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:03cv163-F |
| | ) | (WO) |
| GWENDOLYN MOSLEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, LeRoy Smith ("Smith") contends that his constitutional rights were violated during his incarceration in Easterling Correctional Facility ("Easterling"). He specifically claims that Wardens Gwendolyn Mosley ("Mosley") and Kenneth Jones ("Jones") and Officer Kenneth Sconyers ("Sconyers") retaliated against him for writing a letter to government officials concerning his treatment at the prison. Smith seeks monetary damages and declaratory relief.[1]

The defendants filed a written report and supporting evidentiary materials addressing Smith's retaliation claim. The court deems it appropriate to treat these responsive pleadings as a motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof, and the response in opposition filed by Smith, the court

---

[1] The plaintiff's original complaint contained due process, equal protection and conspiracy claims. On April 30, 2003, the court dismissed those claims. Thus, the only claim presently before the court is the plaintiff's retaliation claim.

concludes that the defendants' motion for summary judgment should be granted.

## I. FACTS

On or around January 3, 2003, Smith sent a letter to Jones complaining about the treatment of prisoners and the conditions of confinement at Easterling. (Doc. No. 22, Defs' Ex. No. 3) Smith sent copies of the letter to the Commissioner of the Alabama Department of Corrections, the Attorney General, and the Department of Justice. (*Id*. at p. 4.)

Shortly after receiving the letter, Jones initiated disciplinary action against Smith for insubordination, a violation of Rule # 57, and making false statements or charges to an Alabama Department of Corrections employee with intent to deceive the employee or prejudice another person, a violation of Rule # 41. (Doc. No. 22, Defs' Ex. Nos. 1 & 2.) During the disciplinary hearing, Jones testified that he received a letter from Smith which contained false statements, including a statement that administrative officials at Easterling had ordered all inmates to be vaccinated against syphilis.[2] Jones stated that Smith's statement was untrue because the requirement that all inmates be treated for syphilis was ordered by the Alabama Department of Health. (*Id*. at p. 3.) Jones also testified that the letter included insubordinate statements, such as "Maybe you should be forced to stand

---

[2] Specifically, Smith stated that "the administrative heads of this institution decided to 'vaccinate' everyone in this institution against the venereal disease syphilis." (Doc. No. 22, Defs' Ex. No. 3 at p. 2.)

around outside, unsheltered, in thirty-eight degrees, with a 10-15 MPH breeze blowing.  See how you'd like it."  (Defs' Ex. No. 1 at p. 1-2.)

After completion of the disciplinary hearing, the hearing officer found Smith guilty of insubordination and making false statements with the intent to deceive an Alabama Department of Corrections employee or prejudice another person.  (Doc. No. 22; Defs' Ex. Nos. 1 & 2 at p.2.)  The hearing officer based his finding of guilt on the testimony of Jones and on Smith's statement that he "made a bad choice of words."  (Defs' Ex. Nos. 1 & 2 at pp.2-3.)  Sconyers approved the hearing officer's decision.  (*Id.*)  The sanctions imposed upon Smith for each disciplinary violation were placement in the hot dorm and loss of all privileges for 45 days.  (Defs' Ex. Nos. 1 & 2 at p. 2.)

## II.  STANDARD OF REVIEW

To survive the defendants' properly supported motion for summary judgment, the plaintiff is required to produce some evidence supporting his constitutional claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  He must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'"  *Celotex Corp.*, 477 U.S. at 324.  A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment.  *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  Consequently, when a party fails to make a showing sufficient to establish the existence of an element essential to that

party's case, and on which that party will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex Corp.*, 477 U.S. at 322; *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987). Although factual inferences must be viewed in a light most favorable to the non-moving party, and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

### III. DISCUSSION

Smith asserts that the disciplinary action against him was retaliation for writing a letter to government officials complaining about the treatment of prisoners and the conditions of confinement at Easterling . The method of establishing a retaliation claim is essentially the same as for a claim of race or sex discrimination. *Donnellon v. Fruehauf Corp.*, 794 F.2d 598, 600-01 (11th Cir. 1986). An inmate has the initial burden of establishing a prima facie case of unlawful retaliation by a preponderance of the evidence, which once established raises a presumption that the prison official retaliated against the inmate. *Texas Dep't. of Cmty Affairs v. Burdine*, 450 U.S. 248 (1981). To establish a prima facie case, an inmate

must show that he had engaged in a protected activity, such as the filing of a lawsuit; that he suffered an adverse treatment simultaneously with or subsequent to such activity; and that a causal link exists between the protected activity and the adverse treatment. *Donnellon*, 794 F.2d at 600-01. If an inmate establishes a prima facie case, the burden then shifts to prison officials to rebut the presumption by producing sufficient evidence to raise a genuine issue of fact as to whether the prison official retaliated against the inmate. This may be done by the prison official articulating a legitimate, non-retaliatory reason for the adverse decision or action, which is clear, reasonably specific, and worthy of credence.

The prison official has a burden of production, not of persuasion, and thus does not have to persuade a court that he or she actually was motivated by the reason advanced. *Burdine*, *supra*. Once the prison official satisfies this burden of production, the inmate then has the burden of persuading the court that the proffered reason for the adverse decision is a pretext for retaliation. An inmate may satisfy this burden by persuading the court either directly that a retaliatory reason more than likely motivated the prison official or indirectly that the proffered reason for the adverse decision is not worthy of belief. By so persuading the court, the inmate satisfies his ultimate burden of demonstrating by a preponderance of the evidence that he has been the victim of unlawful retaliation. *Burdine*, *supra*.

To the extent Smith claims that the defendants retaliated against him for writing letters to government officials, he has overcome his burden of establishing that he was engaged in

5

a protected activity. In a case such as this one, the "gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." *Thomas v. Evans*, 880 F.2d 1235, 1242 (11th Cir.1989). *See Donnellon*, 794 F.2d at 600-01.

However, the defendants have advanced legitimate, nondiscriminatory reasons for issuance of the disciplinary actions against Smith. Specifically, the defendants show that Smith was disciplined because he violated prison rules by giving false statements regarding the vaccination of inmates at Easterling and making insubordinate statements, including a suggestion that Jones stand outside in freezing temperatures. (Doc. No. 22, Defs' Ex. No. 2.) The defendants' showing that Smith was disciplined for violating prison rules is sufficient to rebut Smith's prima facie case of retaliation.[3]

Smith has responded with only his mere conclusory allegation that the defendants' actions were pretextual. It is patent that Smith believes that he is protected absolutely from the consequences of his speech, but, of course that is not true, especially in the prison setting. *See e.g. Turner v. Safley*, 482 U.S. 78 (1987). Therefore, Smith has failed to establish that the defendants' reasons for lodging disciplinary actions against him were pretextual. Consequently, the defendants are entitled to summary judgment.

---

[3] *Cf. Stewart v. Happy Herman's Chesire Bridge, Inc.*, 117 F.3d 1278, 1287-88 (11th Cir. 1997) (employee failed to rebut employer's assertion that it legitimately fired her for insubordination rather than in retaliation for asserting an ADA claim); *Phillips v. Hibbett Sporting Goods, Inc.*, 329 F.Supp.2d 1280 (M.D. Ala. 2004) (employee failed to rebut manager's assertion that she was fired for being insubordinate during a meeting rather that in retaliation for filing a Title VII claim).

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.   The defendants' motion for summary judgment be GRANTED.

2.   This case be dismissed with prejudice.

Additionally, it is ORDERED that:

The parties shall file any objections to this Recommendation on or before February 21, 2006.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

Done this 8th day of February, 2006.

      /s/Charles S. Coody
      CHARLES S. COODY
      CHIEF UNITED STATES MAGISTRATE JUDGE